UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH; SANDI EDDE; THEODORE MENDOZA; REBECCA VAN ANTWERP; LINDSAY MACOMBER; KAREN JORDAN; STACEY DAVIDSON; BARBARA GROSSE; TAMELA DIOSO; and KISKA CARTER, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>AFSCME LOCAL 3299, a labor organization; JANET NAPOLITANO, in her official capacity as President of the University of California; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>Defendants. | No. 2:19-cv-02382-JAM-DB<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES** |

Plaintiffs bring this action against Defendants under Section 1983 of the Civil Rights Act. First Am. Compl. ("FAC"), ECF No. 1. Plaintiffs allege the University of California made unlawful deductions from Plaintiffs' wages and remitted the funds to AFSCME Local 3299 (the Union) without Plaintiffs' consent. FAC ¶ 1. They also contend Defendants unduly restricted Plaintiffs' ability to resign from the Union. Id. Plaintiffs seek declaratory relief, injunctive relief, and money damages for

1

these alleged violations of their First and Fourteenth Amendment rights.

Defendant Xavier Becerra filed a motion to dismiss Plaintiffs' claims. Becerra Mot. to Dismiss, ECF No. 20. He also filed a motion to stay discovery and initial disclosures pending the Court's resolution of that motion.[1] Mot. to Stay, ECF No. 21. Defendants Janet Napolitano and the Union likewise filed motions to dismiss Plaintiffs' claims. Napolitano Mot. to Dismiss, ECF No. 23; AFSCME Local 3299 Mot. to Dismiss, ECF No. 30. They also joined in Becerra's motion to stay. AFSCME Local 3299 Joinder, ECF No. 22; Napolitano Joinder, ECF No. 24.

Plaintiffs' claims are premised upon the notion that Janus v. AFSCME, Council 31, 138 S. Ct. 2448 (2018) confers an unqualified right to withdraw union membership and recoup previously-paid dues. See generally FAC. As Defendants argue, this Court rejected that notion in Cooley v. Cal. Statewide Law Enforcement Ass'n, 385 F. Supp. 3d 1077, 1079-82 (E.D. Cal. 2019). This Court is not alone in reaching that conclusion. See Campos v. Fresno Deputy Sheriff's Ass'n, No. 1:18-cv-1660-AWI-EPB, 2020 WL 9499915, at *7 (E.D. Cal. Feb. 27, 2020) (collecting cases). For the reasons set forth below, the Court grants in part and denies in part Defendants' motions to stay discovery and initial disclosures pending the resolution of the outstanding motions to dismiss. Because the Union concedes its motion to dismiss will rely on outside evidence related to Edde's and

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 24, 2020.

2

Mendoza's Union resignations, the Court allows Plaintiffs to seek reasonable discovery from the Union on that issue.

## I. BACKGROUND

Plaintiffs are University of California employees. FAC ¶ 20. Each of the ten Plaintiffs became Union members after signing Union membership cards or applications. FAC ¶¶ 30, 50, 61, 77, 86, 98, 114, 123, 134, 147. At some point after the Supreme Court decided Janus v. AFSCME, Council 31, 138 S. Ct. 2448 (2018), Plaintiffs learned of the decision and tried to resign from the Union. See, e.g., FAC ¶¶ 63, 125, 144. Plaintiffs struggled to terminate their memberships within the Union's designated time period. See generally FAC ¶¶ 29-156.

Plaintiffs allege Sections 1157.12 and 1157.3 of the California Government Code are to blame for the difficulties they faced in withdrawing Union membership and terminating their Union dues. FAC ¶¶ 168-72. Section 1157.3 permits public employees to authorize deductions from their salaries to pay union membership dues. Cal. Gov. Code § 1157.3(a). Once an employee authorizes a deduction covered by subsection a, the public employer must honor it. Cal. Gov. Code § 1157.3(b). Section 1157.12 then regulates how public employers (other than the state) manage these deduction authorizations. In relevant part, it requires an employer to direct an employee's request to cancel or change a deduction to the "employee organization"—in this case, the Union. Cal. Gov. Code § 1157.12(b).

To date, at least eight of the ten Plaintiffs were able to resign from the Union. FAC ¶¶ 41, 81, 91, 103, 108, 117, 128, 140, 153. And at least two of the Plaintiffs no longer pay any

dues. FAC ¶¶ 58, 121.

## II. OPINION

A party may request an order that stays discovery "pending the resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." Mlejnecky v. Olympus Imaging America, Inc., No. 2:10-cv-02630, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011). The Federal Rules of Civil Procedure do not provide for "automatic" or "blanket" stays of discovery in the face of potentially dispositive motions. Id. But district courts may nonetheless exercise "wide discretion in controlling discovery." Id. (quoting Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)). In exercising this discretion, courts have granted stays of discovery pending the resolution of a potentially dispositive motion when the movant satisfies both prongs of a two-part test. Id. at *6 (collecting cases).

First, the pending motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Id. As Defendants argue, their motions to dismiss are potentially dispositive of the entire case. See Becerra Mot. to Stay at 5-9; Napolitano Joinder at 2-3; AFSCME Local 3299 Joinder at 5-6. Defendants move to dismiss all of Plaintiffs' claims. The arguments Defendants raise in their motions mirror those that have already been heard and accepted by several other district courts in cases that are extremely similar this one. See Napolitano Joinder at 2-3 (collecting cases); AFSCME Local 3299 Joinder at 5-6 (collecting cases).

Indeed, this Court recently dismissed a comparable suit at

the motion-to-dismiss stage. In Cooley v. Cal. Statewide Law Enforcement Ass'n, a union member brought a putative class action against Becerra and two law enforcement unions because the unions would not allow him to resign and stop paying dues without adhering to the formal resignation process. 385 F. Supp. 3d at 1078. This Court found that Janus, 138 S. Ct. at 2486 did not announce the rights plaintiff sought to enforce and dismissed the suit in its entirety. Cooley, 385 F. Supp. 3d at 1078. Plaintiffs do not attempt to reconcile this Court's decision in Cooley with the relief they now seek. Nor do they address any of the recent district court cases that have categorically rejected their theories of First and Fourteenth Amendment liability. See Opp'n at 7-11. Instead, Plaintiffs defend their claims by extrapolating from dicta and overly-broad legal principles pulled from Janus and pre-Janus cases. See id. The Court finds Defendants have shown their pending motions to dismiss are potentially dispositive of the entire suit.

Second, "the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Mlejnecky, 2011 WL489743, at *6. As Becerra and Napolitano argue, their defenses to Plaintiffs' suit are "entirely legal in nature." Becerra Mot. to Stay at 9; see also Napolitano Mot. to Dismiss, ECF No. 23-1. Plaintiffs disagree, arguing they need additional discovery regarding (1) whether they voluntarily signed the Union membership agreements, and (2) Defendants' past and present dues and/or fee deduction procedure. Opp'n at 6, 19-20. Plaintiffs fail, however, to explain how additional fact-finding on either of these two issues would

5

assist the Court in resolving the arguments raised in Defendants' motions to dismiss—particularly those surrounding justiciability. See Reply at 2-3. The Court agrees with each of the arguments raised in Becerra's reply brief on this issue. Id.

The Union concedes it will rely on information outside the complaint in its motion to dismiss. AMFSCE Local 3299 at 6. Specifically, this evidence relates to the Union's confirmation that Edde and Mendoza terminated their Union membership. Id. The Union represents it will not oppose "discovery limited to that issue." With this caveat, the Court finds Defendants are entitled to a stay of discovery and initial disclosures pending the Court's resolution of their motions to dismiss.

## III. ORDER

The Court GRANTS IN PART and DENIES IN PART Defendants' motion to stay discovery and initial disclosures pending the resolution of the outstanding motions to dismiss. The Court stays discovery and initial disclosures for Defendants Becerra and Napolitano. But because the Union concedes its motion to dismiss will rely on documents related to Edde's and Mendoza's union resignations, the Court allows Plaintiffs to seek reasonable discovery from the Union on that narrow issue.

IT IS SO ORDERED.

Dated: March 26, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE