UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AFSCME LOCAL 3299, a labor organization, et al.,<br><br>    Defendants. | No.  2:19-cv-02382-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE** |

This matter is before the Court on AFSCME Local 3299's Motion to Dismiss, UC President Michael V. Drake's Motion to Dismiss, and Attorney General Xavier Becerra's Motion to Dismiss.  Mot. to Dismiss by AFSCME Local 3299 ("Union Mot."), ECF No. 54; Mot. to Dismiss by Michael V. Drake ("Drake Mot."), ECF No. 55; Mot. to Dismiss by Xavier Becerra ("Becerra Mot."), ECF No. 56. Defendants seek to dismiss Plaintiffs' Corrected Second Amended Complaint ("SAC") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  See SAC, ECF No. 53. Plaintiffs opposed these motions.  Opp'n by Kiska Carter et al. to Drake and Becerra Mots. ("Opp'n to State"), ECF No. 57; Opp'n by Kiska Carter et al. to Union Mot. ("Opp'n to Union"), ECF. No. 58.  Each Defendant then filed a reply.  Reply by AFSCME Local 3299 ("Union Reply"), ECF No. 59; Reply by Michael V. Drake

1

("Drake Reply"), ECF No. 60; Reply by Xavier Becerra ("Becerra Reply"), ECF No. 61. For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss.[1]

## I. BACKGROUND

Ten University of California employees ("Plaintiffs") filed this lawsuit against Attorney General Xavier Becerra ("Becerra"), University of California President Michael V. Drake[2] ("Drake"), and AFSCME Local 3299 ("the Union") under Section 1983 of the Civil Rights Act, asserting Defendants' payroll deduction scheme violates their First and Fourteenth Amendment rights. SAC ¶¶ 1-3. The factual allegations, which have been set forth extensively in the complaint, the parties' briefings, and the Court's prior orders, will not be repeated here.

The present Motions are the second set of motions to dismiss before the Court. On July 27, 2020, this Court granted the first set of motions to dismiss. See Order Granting MTD FAC ("Order"), ECF No. 46. The Court attached a chart to that Order summarizing which of Plaintiffs' numerous claims were dismissed with prejudice and which Plaintiffs were given leave to amend. Id. at 24.

On September 14, 2020, Plaintiffs filed a corrected SAC, which is now the operative complaint. See SAC. Plaintiffs re-pled only two of the three claims considered by this Court in its prior Order: the first count for violation of Plaintiffs'

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 13, 2020.

[2] Michael V. Drake was appointed President of the University of California in August 2020, and has been substituted for former President of the University of California, Janet Napolitano, pursuant to Fed. R. Civ. P. 25(d).

2

Fourteenth Amendment procedural due process rights (the "Procedural Due Process claim") and the second count for violation of Plaintiffs' First Amendment rights (the "Compelled Speech claim"). SAC ¶¶ 167-186. As to the first count, Plaintiffs seek prospective injunctive and declaratory relief and retrospective monetary damages. SAC at 26-27. As to the second count, Plaintiffs seek only prospective injunctive relief. SAC at 27. Additionally, Plaintiffs added a new section of class allegations. SAC ¶¶ 159-66.

## II.   OPINION

### A.   12(b)(1) Motions

#### 1.   Legal Standard

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). At the pleading stage, courts take all the allegations in the complaint as true, then ask whether plaintiffs adequately alleged subject-matter jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121—22 (9th Cir. 2010).

If a plaintiff's claims are moot, then the court lacks subject-matter jurisdiction, and the case must be dismissed. U.S. CONST., art. III; Preiser v. Newkirk, 422 U.S. 395, 401 (1975). To pose a "live case or controversy," claims must be "definite and concrete"; they must "touch[] the legal relations of parties having adverse legal interests." DeFunis v. Odegaard, 416 U.S. 312, 317 (1974). If a case does not present questions "affect[ing] the rights of litigants in the case before [the court]," it is not a case the court can decide. See Preiser, 422

U.S. at 401.

### 2. Analysis

Defendants first move to dismiss the two remaining counts for lack of jurisdiction, contending Plaintiffs lack standing and their claims are moot. See Union Mot. at 3-4, 5-6; Drake Mot. at 3-10; Becerra Mot. at 5-11. As explained below, the Court agrees with Defendants that the prospective relief portions of Plaintiffs' two claims are moot and therefore must be dismissed.

#### a. Compelled Speech Claim

As to their compelled speech claim, Plaintiffs seek only prospective injunctive relief. SAC at 27. Specifically, four Plaintiffs – Marsh, Edde, Mendoza, and Davidson – request prospective injunctive relief against the Union and Drake. SAC at 27(vi-vii). All Plaintiffs seek prospective injunctive relief against Becerra. SAC at 27(viii).

##### (i) The Union

The Union argues that Plaintiffs' compelled speech claim should be dismissed because the only four Plaintiffs bringing this claim against the Union – Marsh, Edde, Mendoza, and Davidson – still do not have a live claim for prospective relief, which is the only form of relief sought for this claim. Union Mot. at 3-4; Union Reply at 1. In its prior Order, the Court explained that these four Plaintiffs' request for prospective relief on their compelled speech claim was moot because their payroll deductions had already terminated. Order at 15-16, 22. Further, the Court found that the "capable of repetition yet evading review" exception to mootness did not apply because Plaintiffs had not sufficiently alleged they would be subject to deductions

in the future.  Id. at 16 (citing Few v. United Teachers Los Angeles, No. 2:18-cv-09531-JLS-DFM, 2020 WL 633598, at *4-6 (C.D. Cal. Feb. 10, 2020)).  Accordingly, the Court concluded it could not "grant these plaintiffs prospective relief for fees they are no longer paying."  Id. (citing Babb v. Cal. Teachers Assocs., 378 F.Supp.3d 857, 870-871 (C.D. Cal. 2019)).

The Union contends the SAC does nothing to cure the mootness defect identified by the Court in its prior Order.  Union Mot. at 3; Union Reply at 1.  The Court agrees.  First, the SAC clearly indicates these four Plaintiffs are no longer subject to payroll deductions.  SAC ¶¶ 49(Marsh), 59-60(Edde), 77-78(Mendoza), 87(Davidson).  Second, the SAC still does not allege these Plaintiffs are likely to be subject to deductions again in the future.  The Court therefore has no reason to deviate from its prior analysis and once again finds these claims are moot.

In opposition, Plaintiffs appear to concede their named plaintiffs' claims are moot, but attempt to avoid dismissal on mootness grounds by adding new class allegations.  See SAC ¶¶159-166.  Specifically, Plaintiffs contend they are seeking prospective relief on behalf of the class they propose to represent and consequently this Court may retain jurisdiction over the class action even if the named plaintiffs' claims "appear moot or will become moot."  Opp'n to Union at 5.

This attempt to avoid dismissal on mootness grounds fails because the Court did not grant Plaintiffs leave to add class allegations. See Jameson Beach Prop. Owners Ass'n v. U.S., 2014 WL 4925253, at *3-4 (E.D. Cal. Sept. 29, 2014).  As another Eastern District court explains: "whether a district court will

"accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation. Courts look to the specific language of the prior order to determine whether or not leave to amend was granted without limitation. When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts have held that a plaintiff is barred from adding new claims or parties." Id. (citations and internal quotation marks omitted).

Here, the Court's prior Order clearly grants leave to amend with limitation. See Order. In fact, the Court attached a Chart to its prior Order for this precise reason: to specify which deficiencies with which claims Plaintiffs could amend and which they could not. Id. at 24. Significantly, nowhere in the Order did the Court grant Plaintiffs leave to add class allegations. Nor did Plaintiffs seek leave to do so. Plaintiffs are therefore barred from adding these new class allegations to avoid dismissal on mootness grounds. Jameson Beach, 2014 WL 4925253 at *4. Accordingly, the Court strikes Plaintiffs' class allegations.

The Court briefly notes an additional reason why Plaintiffs' attempt to avoid mootness by adding class allegations fails: Plaintiffs have not brought forward, nor has the Court been able to find on its own, any authority supporting the proposition that a court may retain jurisdiction over a class action when the class allegations are added after all named plaintiffs' claims have become moot and indeed have been dismissed by the court as moot. See Opp'n to Union at 5-6. Rather, the Court agrees with

the Union that "once the named plaintiff's own claim for prospective relief has become moot, a federal court lacks jurisdiction to consider prospective relief and, therefore, no live claim exists to which newly added class allegations could 'relate back.'" Union Reply at 1.

Because the class allegations are stricken and the four individual Plaintiff claims remain moot, the Court again finds it does not have subject matter jurisdiction. Further, the Court finds that dismissal with prejudice is now appropriate. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (explaining "a district court does not err in denying leave to amend where the amendment would be futile"). Plaintiffs have had ample opportunity to amend. See FAC, ECF No. 15; SAC, ECF No. 47; Corrected SAC. Plaintiffs also had the opportunity in their opposition brief to set forth additional facts to convince the Court the mootness of the individual plaintiffs' claims could be cured by amendment. They failed to do so.

Accordingly, the Court DISMISSES the compelled speech claim as to the Union with prejudice.

(ii) Drake

The same four plaintiffs - Marsh, Edde, Mendoza, and Davidson - also request prospective injunctive relief on their compelled speech claim against Drake. SAC at 27(vi). For the same reasons discussed in detail above, the Court finds these plaintiffs' claims as to this Defendant to be moot.

Dismissal with prejudice is also appropriate because Plaintiffs have had ample opportunity to amend, yet have failed

7

"to set forth facts demonstrating that the mootness problem identified by the Court in its prior Order could be cured by further amendment. Thus, the Court finds amendment would be futile. See Deveraturda, 454 F.3d at 1046.

Accordingly, the Court DISMISSES the compelled speech claim as to Drake with prejudice.

### (iii) Becerra

As to their compelled speech claim against Becerra, Plaintiffs ask the Court to enjoin Becerra from enforcing California Government Code §§ 1157.12, 1157.3. SAC at 27(viii). Becerra, like the Union and Drake, argues Plaintiffs may not seek prospective relief on this claim because Plaintiffs' deductions have ceased and therefore it is moot. Becerra Mot. at 9. Referring to the part of the Court's prior Order explaining why the cessation of the deductions renders Plaintiffs' claims for prospective relief moot, Becerra points out: "Plaintiffs have made no revisions in the SAC that cure these deficiencies, or in any way compel the Court to change its earlier judgment . . . in fact the SAC only *compounds* the deficiencies now that *all ten* Plaintiffs admit their dues deductions have ceased." Id. at 1. The Court agrees.

The Court previously dismissed as moot Marsh, Edde, Davidson, and Mendoza's compelled speech claim against Becerra because their deductions had ceased. Order at 15-16. However, the Court found that the remaining six plaintiffs' — Van Antwerp, Macomber, Jordan, Grosse, Dioso, and Carter — request for prospective relief on their compelled speech claim against Becerra was not moot because they "continue to pay non-member

fees as a result of Defendants' alleged compelled speech and due process violations." Order at 16.  Now, however, the SAC admits the deductions have stopped for these six plaintiffs.  SAC ¶¶ 100 (Dioso), 112(Macomber), 128(Jordan), 137(Van Antwerp), 148(Grosse), 158(Carter).  Thus, their prospective relief claims, like Marsh, Edde, Davidson and Mendoza's, are moot.

Plaintiffs advance two arguments in opposition.  Opp'n to State at 12-13.  First, they again argue that the "capable of repetition yet evading review" exception to mootness applies.  Id.  For the same reason the Court rejected this argument before, see Order at 16, it again rejects this argument: there are no allegations in the operative complaint which establish a likelihood that the deductions are likely to reoccur.  Because Plaintiffs have not established the deductions are capable of repetition, this exception to mootness cannot apply.  Few, 2020 WL 633598, at *5.  Second, Plaintiffs again point to their new class allegations as a way for this Court to retain jurisdiction "even if the named Plaintiffs' claims are moot or will become moot."  Opp'n to State at 12.  But, for the reasons set forth above, the class allegations are stricken, and therefore cannot revive the individuals' moot claims.

Because the individual plaintiffs' claims are moot, the Court lacks jurisdiction and must dismiss the compelled speech claim as to Becerra.  Dismissal with prejudice is appropriate because Plaintiffs have had ample opportunity to amend yet have failed to cure the mootness defect with the individual plaintiffs' claims.  Therefore, the Court finds that further amendment would be futile.  See Deveraturda, 454 F.3d at 1046.

Accordingly, the compelled speech claim as to Becerra is DISMISSED with prejudice.

### b. Procedural Due Process Claim

The Court next turns to the procedural due process claim for which Plaintiffs seek both prospective injunctive and declaratory relief and retrospective money damages. SAC at 26-27. With respect to the prospective relief portion of this claim, Defendants again argue for dismissal on jurisdictional grounds. See Union Mot. at 5-6; Drake Mot. at 3-4; Becerra Mot. at 9-11.

In its prior Order, this Court found the prospective relief portion of Marsh, Edde, Davidson, and Mendoza's due process claim was moot for the same reason as their compelled speech claim: these Plaintiffs were no longer subject to deductions. Order at 15-16. However, the Court did not find the remaining six Plaintiffs' request for prospective relief on their due process claim to be moot because the then-operative complaint indicated they were still subject to deductions. Id. at 16. Now, however, the operative complaint indicates deductions have ceased for all Plaintiffs. SAC ¶¶ 49, 59-60, 77-78, 87, 100, 112, 128, 137, 148, 158. Thus, all ten Plaintiffs' claims for prospective relief are moot. For the reasons discussed above, Plaintiffs' arguments in opposition about the "capable of repetition yet evading review" exception applying and the new class allegations reviving the individuals' moot claims fail.

The Court therefore DISMISSES the prospective relief portion of Plaintiffs' procedural due process claim and finds that dismissal with prejudice is appropriate because further amendment would be futile in light of Plaintiffs' opportunity to correct

10

"the mootness deficiency identified in the prior Order and subsequent failure to do so. See Deveraturda, 454 F.3d at 1046.

### B. 12(b)(6) Motions

The Court now turns to Plaintiffs only remaining claim for retrospective money damages against the Union under Plaintiffs' procedural due process cause of action. SAC at 26 (iv v). The Union contends that Plaintiffs have failed to state a claim for which relief can be granted. Fed. R. Civ. Proc. 12(b)(6).

#### 1. Legal Standard

A Rule 12(b)(6) motion attacks the complaint as not alleging sufficient facts to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). Dismissal is proper where there is no cognizable legal theory or insufficient facts supporting a claim entitling the plaintiff to relief. Hinds Invs., L.P. v. Angiolo, 654 F.3d 846, 850 (9th Cir. 2011). Constitutional claims—both facial and as-applied challenges—are subject to dismissal under Rule 12(b)(6) if the alleged facts fail to state a claim. See O'Brien v. Welty, 818 F.3d 920, 929–32 (9th Cir. 2016).

The "standard [procedural due process] analysis . . . proceeds in two steps." Swarthout v. Cooke, 526 U.S. 216, 219 (2011). A court must "first ask whether there exists a liberty or property interest of which a person has been deprived." Id. If so, the court then asks "whether the procedures [protecting

11

that right] were constitutionally deficient." Id. (citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

### 2. Analysis

The Union advances various arguments as to why the retrospective monetary relief portion of Plaintiffs' procedural due process claim should be dismissed under Rule 12(b)(6). Union Mot. at 6-15. The Court focuses on the line of argument squarely addressed in its prior Order, namely that Plaintiffs fail to state a procedural due process claim because they have not sufficiently alleged a deprivation of a protected liberty or property interest. Union Mot. at 6-12; Union Reply at 3-4. In its prior Order, the Court found the FAC did not contain factual allegations demonstrating Plaintiffs had been deprived of a protected property interest. Order at 21. Additionally, with respect to Plaintiffs' liberty interest theory, the Court found: (1) only Mendoza adequately alleged the deprivation of a liberty interest comparable to the one Janus recognized, (2) even Mendoza failed to allege what procedures were constitutionally required or how Defendants fell short of these requirements. Order at 21-22. For these reasons, the Court concluded the FAC failed to state a procedural due process claim and dismissed this claim without prejudice. Id.

Plaintiffs have not cured the problems identified by the Court in its prior Order. Specifically, Plaintiffs still have not clearly identified a protected property or liberty interest of which they have been deprived, as they must under Swarthout. 526 U.S. at 219. In the SAC, Plaintiffs (except Mendoza who is

12

"1  discussed separately below), admit they signed Union membership
2   forms and thereby authorized the deductions now challenged;
3   however, they allege they only signed because Union
4   representatives either told them directly or led them to believe
5   membership was mandatory or because they signed the membership
6   card under pressured circumstances.  SAC ¶¶ 30, 51, 62, 80, 89,
7   103, 114-15, 139, 134, 142, 152.  These allegations about the
8   circumstances of the signing, however, do not change the fact
9   Plaintiffs signed the membership card, joining the Union and
10  thereby authorizing the deductions.  The legal consequence of
11  this action, as the Union argues and as other courts have
12  consistently found, is that Plaintiffs were not deprived of a
13  protected liberty or property interest when the government made
14  deductions <u>authorized</u> by plaintiffs themselves.  Union Reply at
15  3; see e.g. <u>Smith v. Superior Court</u>, 2018 WL 6072806 at *1 (N.D.
16  Cal Nov. 16, 2018) (rejecting attempt by plaintiff-union-member
17  "to wriggle out of his contractual duties" and explaining that
18  "<u>Janus</u> actually acknowledges in its concluding paragraph that
19  employees can waive their First Amendment rights by affirmatively
20  consenting to pay union dues"); <u>Wagner v. Univ. of Wash.</u>, 2020 WL
21  5520947, at *5 (W.D. Wash. Sept. 11, 2020) ("The answer,
22  as . . . every Court examining the question has concluded, is
23  that [plaintiff] did not suffer the deprivation of a liberty or
24  property interest as she voluntarily assented to Union membership
25  and deduction of Union dues").  Rather, the deductions these nine
26  Plaintiffs now challenge "flow from the express terms of
27  contracts Plaintiffs entered into."  Order at 21.  Further, <u>Janus</u>
28  does not provide a basis for invalidating Plaintiffs' contracts

13

because <u>Janus</u> discussed the rights of public employees who <u>never</u> signed union membership agreements, unlike these plaintiffs who did, by their own admissions in the SAC, sign membership cards." <u>Id.</u>

Because the nine Plaintiffs signed and thereby authorized the deductions, they still have not shown they suffered a deprivation of a protected liberty or property interest in the first instance. The due process analysis ends there for all Plaintiffs, except Mendoza. <u>Swarthout</u>. 526 U.S. at 219.

Turning to Mendoza, Plaintiffs argue that Mendoza's procedural due process claim survives because his signature on the 2017 form was forged and therefore his deductions were not authorized. SAC ¶¶ 75-76. Plaintiffs characterize the forgery as the "result of faulty state-authorized procedures" and a "foreseeable and preventable consequence of providing the Union unchecked authority to direct deductions." Opp'n to Union at 13. By contrast, the Union characterizes the alleged forgery as the result of a "random and unpredictable private act" that "does not violate procedural due process as long as the State provides adequate post-deprivation remedies." Union Mot. at 11. The Union further argues that the state procedures are not "faulty" because it was not the state procedures that caused the allegedly unauthorized deductions, but rather the alleged forgery of Mendoza's authorization in violation of those procedures. Union Reply at 4.

Taking the allegations of the forgery as true and drawing all inferences in Plaintiffs' favor, the Court is unable to infer that the forgery was anything more than a random and unauthorized

14

private act.  The only question that remains therefore is whether the state provides adequate post-deprivation remedies.  Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding no procedural due violation for unauthorized deprivation of property where state law provided adequate post-deprivation remedies for the loss). Plaintiffs contend California does not provide adequate remedies, see Opp'n to Union at 13, while the Union argues it does both through the administrative procedures of the California Public Employment Relations Board ("PERB") and through state tort law remedies for forgery and fraud, see Union Mot. at 12.  Plaintiffs do not explain why state tort law claims to remedy fraud and forgery are inadequate, and the Court on its own can find no reason why these state tort remedies would not adequately compensate Mendoza for his property loss.  Hudson, 468 U.S. at 535 (affirming the lower courts' finding that state common-law remedies would provide adequate compensation for property loss resulting from the unauthorized deprivation of plaintiff's property).

Because the Court finds that: (1) the allegations in the SAC do not infer that the forgery of Mendoza's signature was anything more than a random and unauthorized act; and (2) California provides Mendoza with adequate post-deprivation remedies for this random, unauthorized act, the Court finds Mendoza has not stated a claim for violation of procedural due process.  Hudson, 468 U.S. at 533.  Unlike the other nine Plaintiffs, Mendoza does sufficiently allege a deprivation, but he nevertheless fails to show this deprivation constitutes a due process violation because there are adequate state law remedies available to him.

In sum, the Court finds all Plaintiffs have failed to state a due process claim for damages.  Given the ample opportunity Plaintiffs have had to correct the issues identified by the Court in its prior Order and their subsequent failure to do so, the Court finds amendment would be futile.  See Deveraturda, 454 F.3d at 1046.  The Court therefore DISMISSES this claim with prejudice.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss.  Plaintiffs' request for prospective relief on their compelled speech and due process claims are dismissed because once again the Court finds these claims are moot.  Plaintiffs' request for retrospective monetary relief on their due process claim against the Union is also dismissed because the Court again finds the Plaintiffs have failed to state a claim.  Finally, the Court finds further amendment of Plaintiffs' claims is futile and DISMISSES these claims WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   January 19, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE